UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RACHEL BREASHEARS, | ) | Designation of Place of Trial: |
| | ) | Kansas City, Kansas |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-CV-2169 WEB/KMH |
| | ) | |
| CORNERSTONE BANK, | ) | |
| a Kansas corporation, | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. SECTION 1446

COMES NOW Defendant Cornerstone Bank, by its counsel, Clifford A. Cohen of Cohen McNeile & Pappas, P.C., Leawood, Kansas, and respectfully requests the removal of this action from the District court of Johnson County, Kansas based on the following grounds:

1. On March 22, 2010, the Plaintiff served a copy of the Petition for Damages on the Defendant. The Summons attached to the Petition indicates that it was filed in the District Court of Johnson County, Kansas on February 19, 2010. A copy of the Summons and petition is attached to this Notice as *Exhibit A*.

2. The Petition alleges, among other things, that the Plaintiff was denied reasonable accommodation under the American With Disabilities Act, 42 U.S.C. Section 12101, et seq., and that further the Plaintiff was terminated from her employment as a result of her protected status under the Americans With Disabilities Act.

3. Pursuant to 28 U.S.C. Section 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants to the District Court of the United States for the district and division embracing the place where such action is pending.

4.      As pled by the Plaintiff, who specifically alleges that she is "a person with one or more disabling conditions under the Americas With Disabilities Act ("ADA"), 42 U.S.C. 12101 (paragraph 11 of Plaintiff's Petition, Exhibit A), and that "Defendant's actions . . . constituted one or more violations of Plaintiff's rights under the ADA . . ." (paragraph 17 of Plaintiff's Petition, Exhibit A), there is federal question jurisdiction under 28 U.S.C. 1331, and therefore, this Court has original jurisdiction.

For the forgoing reasons, Defendant prays that Cause No. 10CV01556 in the District Court of Johnson County, Kansas be removed to this Court as provided by law.

Respectfully submitted,

COHEN McNEILE & PAPPAS, P.C.

_____
Clifford A. Cohen -          KS #08681
Susan P. DeCoursey          KS #16272
4601 College Blvd., Suite 200
Leawood, Kansas  66211
(913) 491-4050; Fax (913) 491-3059
ccohen@cmplaw.net
ATTORNEYS FOR DEFENDANT

### Certificate of Mailing

I hereby certify that a copy of the above and foregoing Notice of Removal Pursuant to 28 U.S.C. Section 1446 was placed in the U.S. mail, postage prepaid, this 29TH day of March, 2010 addressed as follows:

Albert F. Kuhl
15700 College Blvd., Suite 200
Lenexa, Kansas  66219
ATTORNEY FOR PLAINTIFF

_____
Clifford A. Cohen

Served
3/22/10

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

BREANSHEARS, RACHEL
        Plaintiff

vs

CORNERSTONE BANK,
        Defendant

Case No: 10CV01556
Division: 8
K.S.A. Chapter 60

## SUMMONS

To the above-named defendant:

YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

Name:    ALBERT F KUHL
Address: 15700 COLLEGE BLVD., SUITE 200
          LENEXA, KS 66219
Phone:  (913) 438-2760

Within 20 days after service of summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

Sandy McCurdy
Clerk of the District Court

Dated: February 19, 2010

Johnson County Court House, 100 N. Kansas Ave. Olathe, KS 66061


EXHIBIT A

Clerk of the District Court
Johnson County Kansas
2/19/2010 14:07:59 DF

Box 199

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

RACHEL BREASHEARS,

    Plaintiff,

vs.

CORNERSTONE BANK,
a Kansas corporation.

    Defendant.

'10 CV 01556

Case No. _____
Court No. 8
K.S.A. Chapter 60

PETITION FOR DAMAGES
PURSUANT TO K.S.A. CHAPTER 60

Plaintiff Rachel Breashears ("Breashears"), for her Petition against defendant Cornerstone Bank ("Cornerstone"), states and alleges as follows:

1. Plaintiff Breashears is an individual and resident of Durant, Oklahoma.

2. Defendant Cornerstone is a Kansas corporation with its principal place of business in Johnson County, Kansas, and may be served with process upon its registered agent in the state of Kansas, John Doull, 9120 W. 135th St., Overland Park, Kansas 66221.

3. Jurisdiction and venue are properly placed inasmuch as all transactions relevant to this action arose in Johnson County, Kansas.

1

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2010 FEB 18 AM 11: 25

## FACTUAL BACKGROUND

4. Plaintiff was employed by defendant in 2005, until her termination from employment in January, 2009.

5. During the course of her employment with defendant, plaintiff suffered one or more injury or illness conditions, which impaired her substantially.

6. Plaintiff notified defendant of her aforesaid conditions, and impairments.

7. Plaintiff sought and received varied benefits from defendant pursuant to defendant's benefit plans as a result of her conditions and related impairments.

8. Plaintiff was terminated from her employment with defendant effective January, 2009.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF
## 42 U.S.C. 12117

9. Plaintiff incorporates each of the foregoing allegations and further states as follows.

10. Plaintiff Breashears possessed one or more physical and/or emotional conditions which substantially impaired one or more of her major life activities.

11. As a result of her conditions as aforesaid, plaintiff was a person with one or more disabling conditions under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq.

12. Alternatively, plaintiff was regarded by defendant as a person with one or more disabling conditions, and/or possessed a record of same.

13. As a person qualified for protection under the ADA, plaintiff was entitled to reasonable accommodation, and further to be free from discriminatory treatment arising from her

protected status under the ADA.

14. During the course of her employment with defendant, plaintiff in fact sought from defendant reasonable accommodation for her disabling conditions, and further expressed concern relative to her protected status under the ADA and defendant's treatment of her.

15. Defendant denied to plaintiff reasonable accommodation in violation of her rights to same.

16. Further, defendant terminated plaintiff's employment as a result of her protected status under the ADA, and/or her requests for reasonable accommodation, and/or her expressions of concern raised pursuant to the ADA.

17. Defendant's actions, as stated above, constituted one or more violations of plaintiff's rights under the ADA, and plaintiff was damaged as a result thereof.

18. Plaintiff has suffered actual and compensatory damages due to her unlawful treatment by defendant in an amount exceeding $75,000.00, and is entitled to an award of same.

19. Plaintiff is further entitled to an award of punitive damages in an amount exceeding $75,000.00 as against defendant, due to malicious treatment afforded her by defendant, and/or defendant's reckless disregard of her rights.

20. Plaintiff is further entitled to an award of her reasonable attorney's fees and expenses.

Wherefore, plaintiff prays for the Court's Order granting her judgment against defendant for her actual and compensatory damages in an amount exceeding $75,000.00, for punitive damages in an amount exceeding $75,000.00, for her reasonable attorney's fees and expenses, together with such further relief as the Court deems proper.

## COUNT II: RETALIATION IN VIOLATION OF
## 42 U.S.C. 12101 et seq.

21. Plaintiff incorporates each of the foregoing allegations and further states as follows.

22. Plaintiff Breashears possessed one or more physical and/or emotional conditions which substantially impaired one or more of her major life activities.

23. As a result of her conditions as aforesaid, plaintiff was a person with one or more disabling conditions under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq.

24. Alternatively, plaintiff was regarded by defendant as a person with one or more disabling conditions, and/or possessed a record of same.

25. As a person qualified for protection under the ADA, plaintiff was entitled to reasonable accommodation, and further to be free from discriminatory treatment arising from her protected status under the ADA.

26. During the course of her employment with defendant, plaintiff in fact sought from defendant reasonable accommodation for her disabling conditions, and further expressed concern relative to her protected status under the ADA and defendant's treatment of her.

27. Defendant denied to plaintiff reasonable accommodation in violation of her rights to same.

28. Further, defendant terminated plaintiff's employment as a result of her protected status under the ADA, and/or her requests for reasonable accommodation, and/or her expressions of concern raised pursuant to the ADA.

29. Defendant's actions, as stated above, constituted one or more violations of plaintiff's rights to be free from retaliation under the ADA, and plaintiff was damaged as a result thereof.

30. Plaintiff has suffered actual and compensatory damages due to her unlawful treatment by

defendant in an amount exceeding $75,000.00, and is entitled to an award of same.

31. Plaintiff is further entitled to an award of punitive damages in an amount exceeding $75,000.00 as against defendant, due to malicious treatment afforded her by defendant, and/or defendant's reckless disregard of her rights.

32. Plaintiff is further entitled to an award of her reasonable attorney's fees and expenses.

Wherefore, plaintiff prays for the Court's Order granting her judgment against defendant for her actual and compensatory damages in an amount exceeding $75,000.00, for punitive damages in an amount exceeding $75,000.00, for her reasonable attorney's fees and expenses, together with such further relief as the Court deems proper.

## COUNT III: BREACH OF IMPLIED CONTRACT

33. Plaintiff incorporates each of the foregoing allegations and further states as follows.

34. During the course of her employment relationship with defendant Cornerstone, plaintiff was subject to various personnel policies and/or procedures, conduct, business usage, and other matters which were promulgated by Cornerstone to its workforce, inclusive of plaintiff, which matters constituted an implied contract of employment under Kansas law between defendant and plaintiff.

35. Among the policies maintained and published by Cornerstone, and agreed upon by plaintiff, was a stated emphasis on, and purported commitment to, the process of progressive or corrective discipline for infractions of its policies, or other alleged employee wrongdoing.

36. Despite the existence of the aforementioned policies, among others of relevance, plaintiff Breashears was denied the rights otherwise promised her by defendant in and as a result of

5

such policies.

37. Defendant Cornerstone in fact violated its policies as defined to plaintiff and its workforce.

38. As a direct and proximate result of the foregoing actions, defendant Cornerstone breached its implied contractual obligations owed to plaintiff, including but not limited to its duty not to discharge plaintiff except for just cause and/or based upon the proper recognition and implementation of its previously stated policies and procedures.

39. As a result of defendant's breach of its implied contractual obligations owed to plaintiff, plaintiff has suffered actual and consequential damages in an amount exceeding $75,000.00, for which defendant Cornerstone is liable to her, together with such other damages, including prejudgement interest, as the Court may deem proper.

WHEREFORE, plaintiff Breashears prays for judgment against defendant Cornerstone in an amount exceeding $75,000.00 as and for her actual and consequential damages, together with prejudgment interest, together with such further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

LAW OFFICES OF ALBERT F. KUHL

*[signature]*

Albert F. Kuhl #12478
15700 College Blvd., Suite 200
Lenexa, KS 66219
Tel. 913-438-2760
Fax: 913-327-8492